IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Gary Lopez; Amalis Lopez, | ) | Case No. 1:23-cv-05594-JDA |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Austin Industrial Specialty Services, | ) | |
| Inc.; C.R. Meyer and Sons Company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiffs' consent motion to amend the Complaint. [Doc. 29.] For the reasons set forth below, the Court grants the motion.

Plaintiffs filed this action in the Aiken County Court of Common Pleas against Defendants Austin Industrial Specialty Services, Inc. ("Austin Industrial"), and C.R. Meyer and Sons Company ("C.R. Meyer"). [Doc. 1-1.] Defendants removed the action to this Court on November 3, 2023, based on diversity jurisdiction.* [Doc. 1.] On April 26, 2024, Plaintiffs filed a consent motion to amend the Complaint, seeking to join Management Analysis & Utilization, Inc. ("MAU"), as a Defendant. [Doc. 29.] The motion is ripe for review.

---

* Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Generally, federal district courts have original jurisdiction over two types of cases, referred to as federal question cases and diversity cases. Diversity jurisdiction exists in civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Section 1332 requires complete diversity of all parties, which exists where "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

When Plaintiffs filed this action in state court and when Defendants removed the case to this Court, complete diversity of the parties existed.  Plaintiffs are citizens of Georgia, Austin Industrial is a citizen of Delaware and Texas, and C.R. Meyer is a citizen of Wisconsin.  [Docs. 1 ¶¶ 1–4; 1-1 at 2–3 ¶¶ 1–4; 4 ¶ 3; 9 ¶¶ 3–4]; *see* 28 U.S.C. § 1332(c)(1) (stating that for federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business).  Plaintiffs now seek to amend the Complaint to add MAU, which is also a citizen of Georgia.  [Docs. 29 at 2; 29-1 ¶ 5.]  As the parties have indicated [Doc. 29 at 2], adding MAU would destroy complete diversity.

"When a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e)."  *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).  Section 1447(e) provides that, in this circumstance, "the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  Whether to allow joinder of a nondiverse defendant is "committed to the sound discretion of the district court," and in exercising this discretion, the district court is "entitled to consider all relevant factors, including: [1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether the plaintiff has been dilatory in asking for amendment, [3] whether the plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities."  *Mayes*, 198 F.3d at 462 (internal quotation marks omitted).  "The district court, with input from the parties, should balance the equities in deciding whether the plaintiff should be permitted to join a nondiverse defendant."  *Id.* at 463.

Considering these factors, the Court concludes that joinder and amendment should be permitted and this case should be remanded.  As to the first factor, the Court finds that Plaintiffs do not seek to join MAU to defeat federal jurisdiction.  "[C]ourt[s] have recognized that amendments based on newly discovered information are often sought for legitimate purposes."  *Boykin v. Spectrum Lubricants Corp.*, No. 3:13-cv-00417-MBS, 2014 WL 12631658, at *4 (D.S.C. Mar. 7, 2014).  Here, the proposed amendment is based on information revealed during discovery showing "that MAU was a subcontractor that provided forklifts and forklift operators to the papermill where Plaintiff Gary Lopez was injured, and MAU employees may have contributed to the defective nature of the property that contributed to his injuries and damages."  [Doc. 29 at 2.]  Accordingly, Plaintiffs' proposed amendment is based on newly discovered information, and the Court finds that it is for a legitimate purpose.

As to the second factor, the Court finds that Plaintiffs have not been dilatory in seeking to amend the Complaint.  As an initial matter, Plaintiffs moved to amend the Complaint within the time allowed under the Third Amended Scheduling Order that governs the schedule in this case.  [Doc. 28.]  Additionally, Plaintiffs have represented that "initial disclosures were recently exchanged and written discovery has not yet been completed."  [Doc. 29 at 2.]  Accordingly, Plaintiffs were not dilatory in filing the motion to amend the Complaint.

As to the third factor, the Court finds that the injury to Plaintiffs will be significant if amendment is not allowed.  If MAU "did in fact contribute to Plaintiffs['] injuries as alleged, Plaintiffs are entitled to seek redress from it."  *Pryor v. D.R. Horton, Inc.*, No. 4:10-2255-

TLW-SVH, 2011 WL 2036337, at *3 (D.S.C. Feb. 9, 2011), *Report and Recommendation adopted by* 2011 WL 2020737 (D.S.C. May 20, 2011).

Finally, considering other factors bearing on the equities, the Court finds that "the danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources," is considerable. *Mayes*, 198 F.3d at 463 (internal quotation marks omitted). If Plaintiffs were forced to sue MAU in a separate state-court action for its role in the accident, this danger would be present.

In sum, the Court concludes that the balance of the equities weighs in favor of allowing Plaintiffs to amend the Complaint to join MAU as a Defendant, which destroys complete diversity, and therefore this action should be remanded to state court in accordance with § 1447(e).

Wherefore, based upon the foregoing, Plaintiffs' consent motion to amend the Complaint [Doc. 29] is GRANTED. Plaintiffs shall file the Amended Complaint by noon on Wednesday, May 8, 2024, and once the Amended Complaint is filed, this matter shall be REMANDED to the Aiken County Court of Common Pleas.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

May 6, 2024
Columbia, South Carolina