IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Gary Lopez and Amalis Lopez, | Case No.: 1:23-cv-5594-JDA |
| Plaintiffs, | |
| v. | **AMENDED COMPLAINT** <br> **(JURY TRIAL REQUESTED)** |
| Austin Industrial Specialty Services, Inc., <br> C.R. Meyer and Sons Company, and <br> Management Analysis & Utilization, Inc., | |
| Defendants. | |

The Plaintiffs would respectfully show unto the Court that:

**PARTIES AND JURISDICTION**

1. Plaintiff Gary Lopez is a citizen and resident of Grovetown County, State of Georgia.

2. Plaintiff Amalis Lopez is a citizen and resident of Grovetown County, State of Georgia.

3. Defendant Austin Industrial Specialty Services, Inc. (hereinafter "Austin Industrial") is a corporation licensed to do business in the State of South Carolina that is organized under the laws of the State of Delaware with its principal place of business located in Harris County, State of Texas. Defendant Austin Industrial maintains an agent for service of process in the Corporation Service Company, which is located at 508 Meeting Street, West Columbia, South Carolina 29169.

4. Defendant C.R. Meyer and Sons Company (hereinafter "CR Meyer") is a corporation licensed to do business in the State of South Carolina that is organized under the laws of the State of Wisconsin with its principal place of business located in Winnebago County, State

of Wisconsin. Defendant CR Meyer maintains an agent for service of process in CT Corporation System, which is located at 2 Office Park Court, Suite 103, Columbia, SC 29223.

5. Defendant Management Analysis & Utilization, Inc. (hereinafter "MAU") is a corporation licensed to do business in the State of South Carolina that is organized under the laws of the State of Georgia with its principal place of business located in State of Georgia. Defendant MAU maintains a registered agent for service of process in the Corporation Service Company, which is located at 508 Meeting Street, West Columbia, South Carolina 29169.

6. Venue is appropriate in Aiken County, South Carolina as the acts and/or omissions that gave rise to this Complaint occurred in Aiken County, State of South Carolina.

## FACTUAL BACKGROUND

7. On or about August 26, 2021, Plaintiff Gary Lopez was working within the scope of his employment as a process operator on behalf of non-party Kimberly-Clark Corporation at the Kimberly-Clark Corporation papermill located at 246 Old Jackson Highway in Beech Island, South Carolina.

8. At all times relevant to this Complaint, Defendant Austin Industrial and Defendant CR Meyer were subcontractors for Kimberly-Clark Corporation. Defendants Austin Industrial and Defendant CR Meyer were individually and collectively responsible for the maintenance of the physical building of the papermill located at 246 Old Jackson Highway in Beech Island, South Carolina.

9. At all times relevant herein, Defendant MAU was a subcontractor for Kimberly-Clark that was specifically responsible for providing support services to Kimberly-Clark, which included forklifts and forklift operators, at the papermill located at 246 Old Jackson Highway in Beech Island, South Carolina.

10. At all times relevant herein, Plaintiff Gary Lopez was not an employee of, agent of, or otherwise affiliated with Defendant Austin Industrial, Defendant CR Meyer, Defendant MAU.

11. Non-party Kimberly-Clark Corporation is in the business of producing various paper products.

12. Non-Party Kimberly-Clark Corporation is not in the business of performing industrial maintenance or forklift operations.

13. The work performed by Defendants Austin Industrial, CR Meyer, and MAU was not a part of the general trade, business, or occupation of non-party Kimberly-Clark Corporation.

14. At all times relevant to this Complaint, Plaintiff Gary Lopez and his co-employees with Kimberly-Clark Corporation were not responsible for the fork lift operations and/or maintenance of the physical building located at 246 Old Jackson Highway in Beech Island, South Carolina. Plaintiff Gary Lopez and his co-employees' scope of duties did not include maintaining the physical building of the papermill or forklift operations.

15. At all times relevant herein, Defendant Austin Industrial, Defendant CR Meyer, and MAU did not have the right to exercise control over Plaintiff Gary Lopez or other employees of Kimberly-Clark Corporation as there was no employment relationship in existence.

16. At all times relevant to this Complaint, Defendant MAU maintained a contract with non-party Kimberly-Clark Corporation where Defendant MAU provided fork lifts and fork lift operators that were responsible for forklift operations at the papermill located at 246 Old Jackson Highway in Beech Island, South Carolina. The contract between Defendant MAU and non-party Kimberly-Clark obligated MAU to the following:

    a. Protect and safeguard non-party Kimberly-Clark's property for the benefit of non-party Kimberly-Clark and its employees;

    b. Inspect, report, document, communicate, warn, remedy and address all unsafe conditions for the benefit of non-party Kimberly-Clark and its employees;

    c. To conduct Defendant MAU forklift operations in compliance and consistent with non-party Kimberly-Clark; and,

    d. Prevent any and all damage to non-party Kimberly-Clark's property.

17. On or about August 26, 2021, Plaintiff Gary Lopez was working within the scope of his employment for non-party Kimberly-Clark Corporation. As he was working, Plaintiff Gary Lopez tripped and fell over an anchor iron that was sticking out of the papermill floor. Upon information and belief, the hazard was left protruding from the floor after Defendant Austin Industrial, Defendant CR Meyer, and/or Defendant MAU removed a plexiglass barrier but left the anchor iron in April of 2020.

18. Prior to the Defendants removal of the plexiglass barrier, Defendant MAU's forklifts and forklift operators repeatedly and continuously ran into the plexiglass barrier with the forklifts and damaged the plexiglass barrier.

19. Defendant MAU's forklifts and forklift operators repeated and continuous collisions with the plexiglass barrier transformed the plexiglass barrier into a sharp and protruding unreasonably dangerous condition that Defendants had actual, constructive, and continuous notice of between April of 2020 and August 26, 2021.

20. At all times relevant to this Complaint, Defendant MAU, its forklifts, and forklift operators created an unreasonably dangerous condition when they repeatedly and continuously collided with the plexiglass barrier.

21. The anchor iron upon which Plaintiff Gary Lopez tripped extended more than one half of an inch above the walking surface.

22. The following photograph shows the anchor iron upon which Plaintiff Gary Lopez tripped as it existed at the time of the subject incident.



23. At all times relevant to this Complaint, Plaintiff Gary Lopez was unaware of the anchor iron that was left after Defendant Austin Industrial, Defendant CR Meyer, and/or Defendant MAU removed the plexi-glass barrier.

24. At all times relevant to this Complaint, the anchor iron was not open and obvious to Plaintiff Gary Lopez.

25. At all times relevant to this Complaint, Plaintiff Gary Lopez did not contribute to the trip and fall.

26. At all times relevant to this Complaint, Plaintiff Gary Lopez was exercising due care for his own safety.

27. At all times relevant to this Complaint, the employees and agents of Kimberly Clark Corporation acted reasonably.

28. No employees of Kimberly Clark Corporation contributed to or caused the injuries sustained by the Plaintiff.

29. At all times relevant to this Complaint, the anchor iron was an unreasonably dangerous condition.

30. At all times relevant to this Complaint, the anchor iron was a trip hazard.

31. At all times relevant to this Complaint, Defendant Austin Industrial, Defendant CR Meyer, and/or Defendant MAU knew or should have known of the anchor iron, which was left attached to the floor after removing the plexi-glass barrier.

32. Defendant Austin Industrial, Defendant CR Meyer, and/or Defendant MAU created an unreasonably dangerous condition by removing the plexiglass barrier but failing to remove the anchor iron.

33. At all times relevant to this Complaint, Defendant Austin Industrial, Defendant CR Meyer, and/or Defendant MAU created the unreasonably dangerous hazard when they left the anchor iron attached to the floor; and/or in the alternative, had actual, constructive, and/or continuous knowledge of the anchor iron on the floor, which constituted an unreasonably dangerous condition in non-party Kimberly-Clark Corporation's papermill.

34. No conditions existed at the time of the subject incident that would have prevented Defendants, in the exercise of due caution, and in furtherance of their duties of due care, from

inspecting the subject area, removing the subject anchor iron, and otherwise making the area safe and fit for use.

35. As a result of the fall, Plaintiff Gary Lopez suffered the following injuries and damages:

    a. Extensive pain, mental anguish, suffering, and discomfort;

    b. Disability for a period of time, past, present, and future;

    c. Money spent for medical care and treatment, past, present, and future;

    d. Inability to carry on normal activities;

    e. Permanent injuries and disability;

    f. Emotional trauma and distress;

    g. Loss of enjoyment of life;

    h. Permanent scarring and disfigurement; and,

    i. Time and wages lost from his job.

36. Further, as a result of the injuries and damages suffered by Plaintiff Gary Lopez, the Plaintiff Amalis Lopez did suffer as follows:

    a. Loss of consortium;

    b. Loss of revenue;

    c. Loss of relationships; and,

    d. Loss of enjoyment of life.

37. The injuries and damages sustained by the Plaintiff were foreseeable.

38. The Defendants should have foreseen that leaving the anchor iron in place after removal of the plexiglass panel would cause injury to individuals working within the Kimberly Clark papermill.

39. The Defendants should have foreseen that a failure to disclose and/or warn of the presence of the anchor iron after removal of the plexiglass panel would lead to the injury individuals working within the Kimberly Clark papermill.

40. The subject anchor iron created an unreasonable risk of harm to all persons, including those who were aware of its existence. The Defendants should have anticipated that harm would result from the anchor iron regardless of an individual's knowledge of the presence of the anchor iron.

**FOR A FIRST CAUSE OF ACTION**
**Against Defendant Austin Industrial and Defendant C.R. Meyer and Sons Company**
**(Negligence)**

41. Plaintiffs repeat and reallege as if verbatim the foregoing paragraphs.

42. At all times relevant to this Complaint, employees and/or agents and/or apparent agents of Defendant Austin Industrial and Defendant CR Meyer were acting within the course and scope of their employment and/or agency or apparent agency with Defendant Austin Industrial and/or Defendant CR Meyer. Defendants are liable for the acts and/or omissions of these employees and/or agents under theories of respondeat superior, master/servant, and general agency principles.

43. At all times relevant to this Complaint, Defendants had superior knowledge of the subject anchor iron.

44. At all times relevant to this Complaint, Defendant Austin Industrial and Defendant CR Meyer owed the Plaintiffs the following duties of reasonable and ordinary care:

   a. To maintain the property in a safe manner;

   b. To prevent bodily injury to persons within the Kimberly Clark Corporation mill;

c. To warn Kimberly Clark employees and others within the Kimberly Clark Corporation papermill, including the Plaintiff, of latent or hidden dangers of which it knew or should have known;

d. To warn Kimberly Clark employees and others within the Kimberly Clark Corporation papermill, including the Plaintiff, of latent or hidden dangers that they or their employees/ agents caused;

e. To inspect and discover latent and hidden dangers existing after removing barriers from the papermill;

f. To address and eliminate foreseeable unreasonable risks existing in the papermill;

g. To address and eliminate foreseeable unreasonably dangerous conditions existing in the papermill;

h. To implement and comply with its relevant policies and procedures;

i. To implement and comply with relevant industry standards and respective standards of care;

j. To comply with relevant building standards and codes;

k. To not create a trip hazard;

l. To remedy trip hazards they create;

m. To warn of trip hazards they create;

n. To adequately hire, train, educate, monitor, supervise, and discipline its employees and/or agents;

o. To perform repairs, maintenance, and other work upon the Kimberly Clark Corporation papermill in a workmanlike manner.

45. The Defendants owed Plaintiffs duties of reasonable care arising from their maintenance contracts with Kimberly Clark Corporation, common law, and their voluntary undertaking of maintenance and repairs about the Kimberly Clark Corporation papermill.

46. The injuries and damages incurred by the Plaintiffs were directly and proximately caused by Defendants' careless, negligent, grossly negligent, willful, wanton, reckless, and unlawful acts in one or more of the following particulars;

    a. In placing, creating, and/or causing the anchor iron to protrude beyond the floor, which constituted an unreasonably dangerous condition;

    b. In creating a tripping hazard

    c. In failing to maintain the property in a safe manner;

    d. In failing to prevent bodily injury to persons within the papermill;

    e. In failing to prevent bodily injury to the Plaintiff Gary Lopez;

    f. In failing to warn of latent or hidden dangers it knew or should have known of its existence;

    g. In failing to warn Plaintiff Gary Lopez of the anchor iron protruding on the floor of the papermill;

    h. In failing to inspect and discover latent and hidden dangers existing in the papermill; specifically, the anchor iron protruding on the floor;

    i. In failing to address and eliminate foreseeable unreasonable risks existing in the papermill; specifically, the anchor iron protruding on the floor;

    j. In failing to implement and comply with its relevant policies and procedures;

    k. In failing to implement and comply with relevant industry standards and applicable standards of care;

l. In failing to comply with relevant building standards and codes;

m. In failing to remedy trip hazards they created;

n. In failing to warn of trip hazards they created;

o. In failing to perform repairs, maintenance, and other work upon the Kimberly Clark Corporation papermill in a workmanlike manner.

p. In failing to adequately hire, train, educate, monitor, supervise, and discipline their employees and/or agents; and,

q. Any other acts and/or omissions that are revealed through discovery.

47. Defendant Austin Industrial and Defendant CR Meyer's careless, negligent, willful, wanton, reckless and unlawful acts were a direct and proximate cause of the trip and fall and resulting injuries and damages to the Plaintiffs.

## FOR A SECOND CAUSE OF ACTION
### Against Defendant Management Analysis & Utilization, Inc.
### (Negligence)

48. Plaintiffs repeat and reallege as if verbatim 1-47.

49. At all times relevant to this Complaint, employees and/or agents or apparent agents of Defendant MAU, were acting within the course and scope of their employment and/or agency or apparent agency. Defendant is liable for the acts and/or omissions of these employees and/or agents under theories of respondeat superior, master/servant, and general agency principles.

50. At all times relevant to this Complaint, Defendant MAU owed a duty to maintain, repair, and/or warn of all property damage at the physical building of the Kimberly Clark papermill located at 246 Old Jackson Highway in Beech Island, South Carolina.

51. At all times relevant to this Complaint, Defendant MAU owed the Plaintiffs, non-party Kimberly Clark Corporation's employees, and business invitees, the following duties of reasonable and ordinary care:

   a. In maintaining the property in a safe manner;

   b. In preventing bodily injury to its business invitees;

   c. Protecting and safeguarding non-party Kimberly-Clark's property for the benefit of non-party Kimberly-Clark and its employees;

   d. Inspecting, reporting, documenting, communicating, warning, remedying and addressing all unsafe conditions for the benefit of non-party Kimberly-Clark and its employees;

   e. To conduct Defendant MAU forklift operations in compliance and consistent with non-party Kimberly-Clark;

   f. Preventing any and all damage to non-party Kimberly-Clark's property;

   g. In conducting forklift operations without making physical contact with and damaging the plexiglass barriers or other Kimberly-Clark property;

   h. In warning its business invitees of latent or hidden dangers that it knew or should have known of its existence;

   i. In inspecting and discovering latent and hidden dangers existing caused by removing barriers from the papermill;

   j. In operating machinery, including but not limited to tractors, in a safe manner;

   k. In maintaining, repairing, and/or warning of all latent and hidden property damage at the papermill;

    l. In addressing and eliminating foreseeable unreasonable risks existing in the papermill;

    m. In addressing and eliminating foreseeable unreasonably dangerous conditions existing in the papermill;

    n. In implementing and complying with its relevant policies and procedures;

    o. In implementing and complying with relevant industry standards and respective standards of care;

    p. In adequately hiring, training, educating, monitoring, supervising, and disciplining its employees.

52. Defendant MAU owed Plaintiffs duties of reasonable care arising from their maintenance and forklift contracts with Kimberly Clark Corporation, common law, and their voluntary undertaking of maintenance and repairs about the Kimberly Clark Corporation papermill.

53. The injuries and damages incurred by the Plaintiffs were directly and proximately caused by Defendant MAU's careless, negligent, grossly negligent, willful, wanton, reckless, and unlawful acts in one or more of the following particulars;

    a. In damaging the plexiglass that created, and/or caused the anchor iron to protrude beyond the floor, which constituted an unreasonably dangerous condition;

    b. In failing to maintain the property in a safe manner;

    c. In failing to prevent bodily injury to its business invitees;

    d. In failing to prevent bodily injury to the Plaintiffs;

e. In failing to warn its business invitees of latent or hidden dangers it knew or should have known of its existence;

f. In failing to maintain, repair, and warn of all latent or hidden property damage to the papermill, specifically the plexiglass barrier;

g. In failing to operate machinery, including but not limited to tractors, in a safe manner;

h. In failing to warn Plaintiff Gary Lopez of the damage to the plexiglass that left the anchor iron protruding on the floor of the papermill;

i. In failing to inspect and discover latent and hidden dangers existing in the papermill; specifically, the plexiglass barrier;

j. In failing to address and eliminate foreseeable unreasonable risks existing in the papermill; specifically, the plexiglass barrier;

k. In failing to implement and comply with its relevant policies and procedures;

l. In failing to implement and comply with relevant industry standards and applicable standards of care;

m. In failing to adequately hire, train, educate, monitor, supervise, and discipline its employees;

n. In failing to comply with its contracts with Kimberly Clark;

o. In violating Kimberly Clark policies and procedures; and,

p. Any other acts and/or omissions that are revealed through discovery.

54. Defendant MAU's careless, negligent, willful, wanton, reckless and unlawful acts were the direct and proximate cause of the trip and fall and resulting injuries and damages to the Plaintiffs.

55. The Defendants' conduct, jointly and severally, combined and concurrently, demonstrated a complete absence of due care and was negligent, reckless, grossly negligent, and constituted a willful disregard for the safety of the individuals working within the Kimberly Clark papermill.

56. The Defendants are jointly and severally liable for the damages sustained by the Plaintiff.

57. The Plaintiffs are informed and believe that they are entitled to judgment against the Defendants for actual and punitive damages in an appropriate amount.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for actual and punitive damages in an appropriate amount to be determined at trial, the costs of this action, and for such other and further relief as the Court may deem just and proper.

SMITH, BORN, LEVENTIS, TAYLOR & VEGA, LLC

*s/ Jacob D. Born*
Jacob D. Born (S.C. Bar No. 100026)
James. D. George, Jr. (S.C. Bar No. 103634)
Attorneys for the Plaintiffs
2801 Devine Street, Suite 300
Columbia, SC 29205
(803) 929-3600
(803) 929-3604 (fax)
jborn@sbltv.law
jgeorge@sbltv.law

May 7, 2024